# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8376 | **DATE** | 2/21/12 |
| **CASE TITLE** | Sylvester Jamison (2009-1116260) & Bobby Hurd (2011-0815216) vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion for reconsideration (Dkt. No. 6), is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Pro se plaintiffs Sylvester Jamison and Bobby Heard, detainees at the Cook County Jail, brought a civil rights suit pursuant to 42 U.S.C. § 1983. The suit alleged that the Jail has a practice of placing all detainees on lockdown in their cells when a fight occurs between two detainees. Plaintiffs claim that this is unfair to unrelated detainees who were not involved in the fight.

    Plaintiffs submitted their suit just a few days after the alleged lockdown occurred. The Court dismissed the suit for failure to exhaust their claims through the required Cook County Jail grievance process. (Dkt. No. 5). The Court's dismissal order explained that Cook County's grievance process gives the Jail thirty days to respond to an initial grievance. (*Id*.). Additionally, a detainee is required to bring an appeal as part of the grievance process. (*Id*.). The Court concluded that it was impossible for plaintiffs to have properly exhausted their claims through the required grievance process. Only a few days had lapsed between the lockdown and the filing of the complaint in federal court.

    Plaintiffs have brought the pending motion for reconsideration. (Dkt. No. 6). A Rule 59(e) motion to alter or amend a judgment may be granted to correct a manifest error of law or fact. *Duran v. Town of Cicero, Ill.*, 653 F.3d 632, 642 (7th Cir. 2011) (citing *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)). Plaintiffs first argue that a Jail social worker told them that the grievance process was ineffective. The Court is skeptical that an individual Jail employee can alter Cook County policy. More fundamentally, the perceived effectiveness of the grievance process does not excuse a detainee from making the attempt. Exhaustion is required even when the detainee believes that the effort would be futile or the grievance process is powerless to grant him his requested relief. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006)). Plaintiffs are required to make the effort regardless of their belief in the system's effectiveness.

    Plaintiffs' second argument is that they submitted an emergency grievance but it was never answered. The Jail's "failure to respond to a [detainee's] claim can render administrative remedies unavailable." *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (citing *Lewis v. Washington*, 300 F.3d 829, 835 (7th Cir. 2002)). However, a detainee "must file complaints and appeals in the place, and at the time, the [Jail's]

**STATEMENT**

administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Plaintiffs clearly are not suffering from an emergency situation and so it is not surprising that the Jail did not respond to their "emergency" grievance. A detainee cannot pick and choose how he will partake in the grievance process, he must follow the rules. Plaintiffs have a non emergency claim and they never presented it through the appropriate grievance process.

Finally, the Court notes that there is no constitutional violation alleged in the complaint. Pretrial detainees cannot be punished but they can be placed on lockdown in order to insure safety and other Jail management concerns. *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). The complaint explains that the Jail puts detainees into cells during a fight. This is an understandable tactic in order to insure that the Jail can devote its personnel resources to controlling the fight.